# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN TERRENCE SHEETER,<br><br>Defendant. | Case No.: 20cr0656-JLS<br><br>**ORDER APPROVING JOINT MOTION/ STIPULATION FOR SALE OF REAL PROPERTY LOCATED AT 725 POINSETTIA AVENUE, VISTA, CA 92081** |

IT IS HEREBY ORDERED that the Joint Motion/Stipulation for Sale of Real Property Located at 725 Poinsettia Avenue, Vista, California 92081 is approved and shall be ADOPTED and AUTHORIZED.

The Court hereby adopts the agreement of the Parties as set forth in their Joint Motion/Stipulation filed as (ECF 53) and finds that good cause exists to order the sale of Real Property Located at 725 Poinsettia Avenue, Vista, California 92081 ("Real Property"), **ASSESSORS PARCEL NO. 217-220-10-00,** titled in the name of Sean T. Sheeter, as executor of the will of Hugh X. Sheeter also known as Hugh Xavior Sheeter, Deceased and further described as:

Lot 1, Block 95, in Rancho Vallecitos de San Marcos, in the County of San Diego, State of California, according to Map thereof No. 806, filed in the Office of the County Recorder of San Diego County, December 21, 1895, described as follows: Beginning at a point on the Southeasterly line of said Lot distant thereof North 23° East, 1200.00 feet from the most Southerly corner of said Lot said point being the Northeast corner of the land described in Deed to Hugh X. Sheeter and Arlene R. Sheeter, at ux, recorded June 23, 1953 in Book 489$, Page 231 of Official Records and being the True Point of Beginning; thence along the Northeasterly line of said Sheeter land North 66° 36'20" West (record North 67° 55'00" West per said Deed) 363.00 feet; thence leaving said Sheeter land and along the Southeasterly line to the land described in Deed to George Miyasako and

Matsuko Miyasako, at ux, recorded September 1, 1967 as File No. 67-1331674 of Official Records, North 23°25'40" East to the Northeasterly line of said Lot 1; thence leaving said Miyasako land and along the said Northeasterly line to the Northeast corner of said Lot 1; thence along the Southeast line of said Lot 1, South 23° 25'40" West to the TRUE POINT OF BEGINNING.

Pursuant to this Order and the adopted Joint Motion/Stipulation:

The gross proceeds from the sale of the Real Property shall be transferred to the United States directly from escrow following the sale of the Real Property, according to the terms of this Order.

## A. DEFENDANT SHALL MAINTAIN REAL PROPERTY AND PAY ALL INSURANCE AND REAL PROPERTY TAXES

1. Defendant shall maintain the Real Property at his own expense, and keep the Real Property in the same or better condition and repair as of the date of the entry of this Order, including but not limited to the following:

a. Keep the Real Property free of hazards and structural defects, and keep all heating, air conditioning, plumbing, electrical, gas, oil, or power facilities in good working condition and repair, keep the Real Property clean and perform sanitation and waste removal as needed, and keep the Real Property and grounds in good condition by providing all ordinary and necessary routine maintenance;

b. Maintain casualty and fire insurance equal to the full replacement cost of the Real Property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from the use of the Real Property, or activities or conditions thereon until the sale of the Real Property is completed;

c. Timely pay taxes and utilities on the Real Property.

2. Defendant shall ensure that he and any occupants abide by all laws, codes, regulations, ordinances, contracts, covenants, rules, and bylaws regarding the care, maintenance, control and use of the Real Property. Defendant shall ensure that he and any occupants not use the Real Property for any activity that is illegal or poses a danger to the health or safety of the public, or law enforcement, or permit the use of the Real Property for such purposes.

2

**B.     TERMS OF RESTRICTED ACCESS TO THE REAL PROPERTY**

3.     **Defendant Shall Vacate the Real Property**: Defendant shall vacate the Real Property within one hundred eighty (180) days of the entry of this Order. Defendant shall not enter into any tenancy or occupancy agreements with any other individuals for the Real Property from the date of the execution of the Joint Motion/Stipulation for Sale.

4.     **All Tenants, Occupants, and Visitors Shall Vacate the Real Property**: All tenants, occupants, and visitors to the Real Property shall vacate the Real Property within sixty (60) days of the entry of this Order.  It is Defendant's sole responsibility to remove all tenants, occupants and visitors from the Real Property at his own expense.

5.     **Government Shall Have Complete Access to the Real Property**: The Government and its designee(s) and contractors shall have the right to enter the Real Property, with or without the consent of Defendant or any other occupants, in order to inspect or appraise the Real Property, or for any other lawful purpose, at all times prior to, and following this Order.

6.     **Listing Agent and Potential Buyers Shall Have Access to the Real Property:** The listing agent and potential purchasers of the Real Property shall have access to the Real Property, at all reasonable times prior to, and following this Order.

7.     **Hold Government Harmless For Removal of Trespassers**: Defendant and all tenants, occupants, and visitors to the Real Property shall hold harmless the Government and its designee(s) for any actions to remove Defendant more than one hundred eighty days (180) days after the entry of this Order, and all tenants, occupants, and visitors to the Real Property who are encountered and found on the Real Property more than sixty days (60) days after this Order, and who are in violation of this Order, and who otherwise do not have express written permission from the Government to be on the Real Property.

**C.     TERMS OF SALE**

8.     The Real Property shall be marketed for a sale to enter escrow **and close** within one hundred eighty days (180) days of the entry of this Order.

9.     Absent written consent by the Government, the one hundred eighty (180)-day time period provided to close a sale may not be extended. Failure to meet the time requirement will entitle the Government to proceed with the sale pursuant to the default provisions of paragraphs 24-25 below.

10.     The Parties shall cause the Real Property to be sold at the highest available reasonable price.

11.     Defendant shall contract a certified appraiser to appraise the Real Property.

12.     The listing price shall be chosen by Defendant, but such listing price shall not be less than the appraised value of the Real Property, unless otherwise agreed to in writing by the Parties.

13.     The sales price shall not be less than the appraised value of the Real Property, unless otherwise agreed to in writing by the Parties.

14.     Defendant is authorized to enter into up to a one hundred eighty (180)-day listing agreement with a California licensed real estate broker/agent (listing agent) for the Real Property. The listing agent shall cooperate in providing any and all information relating to the Real Property, including its marketing plan to sell the Real Property, to the Parties.

15.     Defendant is solely responsible for payment of any applicable commission fee to the listing agent.

16.     If the Real Property is not sold within one hundred eighty (180) days of being listed for sale, the listing agreement shall terminate as to that agent.

17.     The Government may reject a listing agent chosen by Defendant if it determines, in its sole discretion and without disclosure to any person or entity, that the listing agent is involved in criminal activity or acting on behalf of person(s) involved in criminal activity, or attempting to subvert the sale of the Real Property for any reason.

18.     The Government shall be notified in writing promptly (within three (3) business days) of Defendant's receipt of any offer to purchase the Real Property. Such notification shall include the following: (i) the identities of the prospective buyer(s),

ORDER FOR SALE OF REAL PROP.
20CR0656-JLS

including current address(es) and driver's license number(s); (ii) the purchase price; and (iii) the final escrow instructions.

19.     Notwithstanding the proposed terms of any written offer to purchase the Real Property, the Parties shall have up to seven (7) business days from the date of the Government's receipt of the written notification provided for in paragraph (18) above, to accept and/or reject any offer to purchase the Real Property. Any such objection shall result in the immediate cancellation of the sale.

20.     The Government may also reject any offer to purchase the Real Property if it determines, in its sole discretion and without disclosure to any person or entity, that the offer is made by, or on behalf of, a person involved in criminal activity and/or is prohibited by U.S. Department of Justice policy from purchasing the Real Property.

21.     Upon the Parties' acceptance of a written offer to purchase the Real Property, the Government shall deliver to the designated escrow agent no later than the closing date specified in the real estate purchase contract, a conditional withdrawal of its *lis pendens* recorded against the Real Property. The Government's withdrawal of its *lis pendens* shall be conditioned upon: (1) consummation of the sale of the Real Property with payment of the forfeited gross proceeds of sale to the United States; and (2) Defendant's compliance with the terms of this Order. Upon satisfaction of the aforementioned conditions, the withdrawal of *lis pendens* may be recorded with the San Diego County Recorder after sale.

D.     TERMS OF PAYMENT

22.     Defendant shall bear his own costs of sale and attorney fees.

23.     Upon sale of the Real Property, the proceeds of the sale of the Real Property shall be distributed in the following order:

a.     Amounts due the holder of any valid lien which was recorded at the San Diego County Recorder prior to the time the Government's *lis pendens* was recorded;

b.     An amount equal to **fifteen percent (15%)** of the gross proceeds of sale shall be forfeited to the United States, and be paid directly from escrow to the Department of Justice Seized Asset Deposit Fund;

ORDER FOR SALE OF REAL PROP.
20CR0656-JLS

c.     To be paid to the Government to the extent applicable, any insurance costs (casualty, fire, and liability) not paid by Defendant and incurred by the Government;

d.     Outstanding real estate property taxes, if any, to the relevant city and state tax authorities;

e.     Escrow fees;

f.     Closing costs for which the seller is responsible;

g.     To the extent funds remain (the "net proceeds"), any remaining net proceeds of sale shall be paid to Defendant.

**E.    DEFAULT PROVISIONS FOR SALE OF REAL PROPERTY**

24.    **<u>DEFAULT TERMS OF SALE</u>**. In the event that the Real Property is not sold within one hundred eighty (180) days of the entry of this Order, in accordance with the terms set out in paragraphs 8-21 above, or if Defendant otherwise breaches any term or condition of this Order, the following terms and conditions shall apply:

a.     The United States Marshals Service (USMS) and its designees and contractors shall retain sole custody, control, access and responsibility for the Real Property. The Government and/or its designee(s) are hereby authorized to sell the Real Property in the most commercially feasible manner, provided however that a sale may be made for a price at no less than ninety (90%) percent of the certified appraisal amount for a period of time up to forty-five (45) days; and for a price at no less than eighty-five (85%) percent of the certified appraisal amount, after ninety (90) days; and for a price at no less than seventy-five (75%) percent of the certified appraisal amount, after one hundred eighty (180) days; unless at any time the Court approves a lower sale price;

b.     The USMS and/or its designee(s) are authorized to take all reasonable actions and to incur reasonable expenses necessary to list, market, and sell the Real Property at the highest available price.

c.     The USMS and/or its designee(s) shall sell the Real Property "as is," without any representations or warranties.

25. **DEFAULT TERMS OF PAYMENT**. The Government and/or its designee(s) shall distribute the net proceeds from the sale of the Real Property, to the extent received, in the following priority:

a. To be paid to the USMS, any applicable insurance costs incurred by the USMS, and all other costs incurred related to the maintenance and sale of the Real Property by the Government, from the time such cost is incurred by the Government through the date of the sale of the Real Property, including costs of appraisal, realtor's commissions or auctioneer fees, escrow fees, and all other closing costs for which seller (Government) is responsible, document recording fees not paid by the buyer, title fees, county transfer taxes;

b. Outstanding real estate property taxes, if any, to the relevant city and state tax authorities;

c. Amounts due the holder of any valid lien which was recorded at San Diego County Recorder in and for San Diego County, California, prior to the time the Government's *lis pendens* was recorded;

d. An amount equal to **thirty percent (30%)** of the gross proceeds of sale shall be forfeited to the United States, and be paid directly from escrow to the Department of Justice Seized Asset Deposit Fund;

e. To the extent funds remain (the "net proceeds"), any remaining net proceeds of sale shall be paid to the Defendant.

**F.   DEFENDANT AND USMS SHALL CONVEY CLEAR TITLE TO BUYER**

26. Defendant and the United States shall execute any and all documents necessary to consummate the sale of the Real Property, to convey clear title to the Real Property to the buyer, and to further implement the terms of this Order.

27. The USMS is authorized to execute any documents that may be required to complete the sale of the Real Property and ensure the subsequent transfer of good title to the Buyer.

## G.   DEFENDANT AND USMS SHALL RELEASE AND HOLD HARMLESS THE UNITED STATES

28.    Defendant shall release and hold harmless the United States, and any agents, servants, and employees of the United States, and/or any state or local law enforcement agency acting in their individual or official capacities, from any and all claims which currently exist or which may arise as a result of the United States' actions against and relating to the Real Property.

29.    The United States is authorized to reserve the right to terminate the forfeiture action in criminal case 20-cr-00656-JLS at any time for legal reasons, thereby voiding this Order. A discretionary termination of forfeiture by the United States shall not be a basis for any award of fees to any party.

IT IS SO ORDERED.

Dated:  January 6, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

ORDER FOR SALE OF REAL PROP.
20CR0656-JLS