1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN TERRENCE SHEETER,<br><br>Defendant. | Case No.  20cr0656-JLS<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant SEAN TERRENCE SHEETER ("Defendant"), pursuant to 21 U.S.C. § 853, as property constituting, or derived from, any proceeds Defendant obtained directly or indirectly, as the result of the violations, as well as any property used or intended to be used to facilitate the commission of the violation of 21 U.S.C § 856(a)(2), as charged in the Indictment; and

WHEREAS, on or about January 4, 2022, Defendant pled guilty before U.S. Magistrate Judge Andrew H. Schopler to Count 1 of the Indictment, which plea included consent to the forfeiture allegations of the Indictment, including forfeiture of $97,500 in lieu of the following:

725 Poinsettia Avenue, Vista, California 92081 ("Real Property").

**ASSESSORS PARCEL NO. 217-220-10-00**

THAT PORTION OF LOT 1, BLOCK 92, IN RANCHO LOS VALLECITOS DE SAN MARCOS, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 806, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, DECEMBER 21,1895, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY LINE OF SAID LOT DISTANT THEREON NORTH 23° EAST, 1200.00 FEET FROM THE MOST SOUTHERLY CORNER OF SAID LOT SAID POINT BEING THE NORTHEAST CORNER OF THE LAND DESCRIBED IN DEED TO HUGH X.SHEETER AND ARLENE R. SHEETER, ET UX, RECORDED JUNE 23, 1953 IN BOOK 4898, PAGE 231 OF OFFICIAL RECORDS AND BEING THE TRUE POINT OF BEGINNING; THENCE ALONG THE NORTHEASTERLY LINE OF SAID SHEETER LAND NORTH 66°36'20" WEST (RECORD NORTH 67°55'00" WEST PER SAID DEED) 363.00 FEET; THENCE LEAVING SAID SHEETER LAND AND ALONG THE SOUTHEASTERLY LINE TO THE LAND DESCRIBED IN DEED TO GEORGE MIYASAKO AND MATSUKO MIYASAKO, ET UX, RECORDED SEPTEMBER 1, 1967 AS FILE NO. 67-133164 OF OFFICIAL RECORDS, NORTH 23°25'40" EAST TO THE NORTHEASTERLY LINE OF SAID LOT 1; THENCE LEAVING SAID MIYASAKO LAND AND ALONG THE SAID NORTHEASTERLY LINE TO THE NORTHEAST CORNER OF SAID LOT 1; THENCE ALONG THE SOUTHEAST LINE OF SAID LOT 1, SOUTH 23°25'40" WEST TO THE TRUE POINT OF BEGINNING.

EXCEPTING THEREFROM ONE-HALF OF ALL OIL AND GAS ROYALTIES WHICH MAY BE RECEIVED BY THE OWNERS OF SAID LANDS IN EVENT OF DISCOVERY OF OIL AND GAS ON SAID PREMISES; SAID GRANTEES AND THEIR SUCCESSORS AND ASSIGNS TO HAVE THE POWER AND AUTHORITY TO LEASE SAID LANDS FOR DEVELOPMENT OF OIL AND GAS, ACCOUNTING TO THE GRANTOR FOR ONE-HALF OF ALL ROYALTIES RECEIVED AS RESERVED IN DEED FROM VISTA IRRIGATION DISTRICT RECORDED JANUARY 7, 1938 IN BOOK 739, PAGE 94 OF OFFICIAL RECORDS; and

WHEREAS, on February 10, 2022, this Court accepted the guilty plea of Defendant; and

WHEREAS, on January 6, 2022, this Court ordered joint motion/stipulation for sale of Real Property; and

WHEREAS, by virtue of the facts set forth in the plea agreement, forfeiture addendum, and joint motion/stipulation for sale of Real Property, the United States has established the requisite nexus between the forfeited property and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced property, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) and 43(a) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take control of the above-referenced property which was found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     Based upon the plea agreement, forfeiture addendum, and order approving the joint motion/stipulation, the $97,500 in proceeds from the sale of the Real Property shall be transferred to the United States directly from escrow following the sale of the Real Property.

2.     Furthermore, based upon the guilty plea of the Defendant, the United States is hereby authorized to take control of the following asset, and all right, title, and interest of Defendant SEAN TERRENCE SHEETER in the following property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

$97,500 in lieu of 725 Poinsettia Avenue, Vista, California 92081 ("Real Property").

### ASSESSORS PARCEL NO. 217-220-10-00

THAT PORTION OF LOT 1, BLOCK 92, IN RANCHO LOS VALLECITOS DE SAN MARCOS, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 806, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, DECEMBER 21,1895, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY LINE OF SAID LOT DISTANT THEREON NORTH 23° EAST, 1200.00 FEET FROM THE MOST SOUTHERLY CORNER OF SAID LOT SAID POINT BEING THE NORTHEAST CORNER OF THE LAND DESCRIBED IN DEED TO HUGH X.SHEETER AND ARLENE R. SHEETER, ET UX, RECORDED JUNE 23, 1953 IN BOOK 4898, PAGE 231 OF OFFICIAL RECORDS AND BEING THE TRUE POINT OF BEGINNING; THENCE ALONG THE NORTHEASTERLY LINE OF SAID SHEETER LAND NORTH 66°36'20" WEST (RECORD NORTH 67°55'00" WEST PER SAID DEED) 363.00 FEET; THENCE LEAVING SAID SHEETER LAND AND ALONG THE SOUTHEASTERLY LINE TO THE LAND DESCRIBED IN DEED TO GEORGE MIYASAKO AND

MATSUKO MIYASAKO, ET UX, RECORDED SEPTEMBER 1, 1967 AS FILE NO. 67-133164 OF OFFICIAL RECORDS, NORTH 23°25'40" EAST TO THE NORTHEASTERLY LINE OF SAID LOT 1; THENCE LEAVING SAID MIYASAKO LAND AND ALONG THE SAID NORTHEASTERLY LINE TO THE NORTHEAST CORNER OF SAID LOT 1; THENCE ALONG THE SOUTHEAST LINE OF SAID LOT 1, SOUTH 23°25'40" WEST TO THE TRUE POINT OF BEGINNING.

EXCEPTING THEREFROM ONE-HALF OF ALL OIL AND GAS ROYALTIES WHICH MAY BE RECEIVED BY THE OWNERS OF SAID LANDS IN EVENT OF DISCOVERY OF OIL AND GAS ON SAID PREMISES; SAID GRANTEES AND THEIR SUCCESSORS AND ASSIGNS TO HAVE THE POWER AND AUTHORITY TO LEASE SAID LANDS FOR DEVELOPMENT OF OIL AND GAS, ACCOUNTING TO THE GRANTOR FOR ONE-HALF OF ALL ROYALTIES RECEIVED AS RESERVED IN DEED FROM VISTA IRRIGATION DISTRICT RECORDED JANUARY 7, 1938 IN BOOK 739, PAGE 94 OF OFFICIAL RECORDS.

3.     The $97,500 in lieu of the Real Property located at 725 Poinsettia Avenue, Vista, California 92081, shall be forfeited by the United States Marshals Service ("USMS") at the conclusion of the noticing period for any ancillary proceedings.

4.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon  the  receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4.     Pursuant to the Attorney General's authority under 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a

legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

7.     The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8.     Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above-referenced asset, in which all interests will be addressed.

9.     Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated:  April 27, 2022

_Janis L. Sammartino_
Hon. Janis L. Sammartino
United States District Judge